IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 237

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS ASSOCIATION, INC., and SMCC CLUBHOUSE, LLC, a North Carolina Limited Liability Company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for consideration of certain procedural and party-related issues.

I. Relevant Background

On October 13, 2014, Conleys Creek Limited Partnership and Marshall Cornblum commenced an action against Smoky Mountain County Club Property Owner's Association, Inc. ("Association") and certain individuals in the Superior Court of Swain County ("State Court Action").

SMCC Clubhouse, LLC ("SMCC") was later joined as a counterclaim defendant in the State Court Action and, on March 24, 2015, the Association filed claims against SMCC.

On April 30, 2015, SMCC filed counterclaims against the Association and others for breach of contract, breach of the covenant of good faith and fair dealing, civil conspiracy, libel per se, and unfair and deceptive trade practices.

On January 26, 2016, the trial court granted a motion for summary judgment by the Association and dismissed SMCC's counterclaims. That ruling, however, was overturned by the North Carolina Court of Appeals in September 2017.

On May 3, 2019, the Association's insurance carrier, Nationwide Mutual Fire Insurance Company ("Nationwide"), filed the instant action in the United States District Court for the Eastern District of North Carolina seeking a declaration that Nationwide had no duty under the applicable insurance policy ("Policy") to make any payment for any settlement, verdict, or judgment in the State Court Action or to provide a defense for any claims alleged in that case. See Pl.'s Compl. (Doc. 1) at 6.

A jury trial was subsequently conducted on the claims in the State Court Action between SMCC and the Association and, on May 31, 2019, a judgment was entered in favor of SMCC in the principal amount of $5,149,921.94 ("Judgment"). The Judgment was later appealed.

On July 1, 2019, SMCC filed a motion to change the venue for Nationwide's declaratory judgment action. (Doc. 16).

2

On July 27, 2019, the Association filed a Notice of Bankruptcy Stay which advised that the Association had filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code on July 26, 2019, and that such petition was pending before the United States Bankruptcy Court for the Western District of North Carolina. (Doc. 29).

On August 7, 2019, the Honorable Louise Flanagan granted SMCC's motion to change venue and transferred the action to this district. (Doc. 30). Judge Flanagan noted in her Order that the action was stayed with respect to the Association during the pendency of the bankruptcy proceedings, though left open the question of whether the stay should be applied to SMCC as well. Id. at 2, n.1.

On August 21, 2019, the parties filed a Certification and Report of F.R.C.P. 26(f) Conference and Discovery Plan, in which Nationwide and SMCC expressed a concern that "a full resolution of the rights and duties of the parties legally interested in this litigation cannot be determined while the action is stayed as to [the Association]." Id. at 3.

On October 10, 2019, the undersigned conducted an initial pretrial conference which was attended by counsel for Nationwide and counsel for SMCC. Counsel for the Association also appeared. At the conclusion of the conference, the Court directed Nationwide to file a brief describing in further detail the basis of the Court's subject matter jurisdiction as to SMCC, a limited

3

liability company. In addition, Nationwide and SMCC were directed to address the questions of whether SMCC is a necessary party to this action and whether the stay should be expanded to include SMCC.

Those parties complied as directed. See (Docs. 37, 38, 39).

The undersigned has reviewed and considered the parties' arguments and submissions, as well as relevant authorities. This Order now follows.

II. Discussion

A. Subject Matter Jurisdiction

In view of the information provided in Nationwide's Memorandum Regarding Subject Matter Jurisdiction (Doc. 37), the undersigned is satisfied that subject matter jurisdiction may be exercised pursuant to 28 U.S.C. § 1332.

B. SMCC as a Necessary Party

Pursuant to Rule 19 of the Federal Rules of Civil Procedure, a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction shall be joined as a party if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double,

multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

Nationwide argues that SMCC is a required party to this litigation, citing <u>Zurich Am. Ins. Co. v. Covil Corp.</u>, No. 1:18-CV-932, 2019 WL 3205676 (M.D.N.C. July 16, 2019)) and other authorities. In that regard, Nationwide contends that: (1) SMCC is best able to protect its interests in this action; (2) the Policy is a potential source of funds for paying the Judgment and could be eliminated if Nationwide is successful in obtaining a declaration in its favor regarding coverage; and (3) if SMCC were not a party to this action, it would not be bound by a coverage determination in this case and could file a separate suit to relitigate that issue. (Doc. 38) at 5.

SMCC likewise contends that it is a necessary party to this action, noting its position as a judgment creditor of the Association and arguing that it is a third-party beneficiary of the Policy. SMCC also notes that Nationwide could be subject to a risk of inconsistent judgments if SMCC were not allowed to participate in this case. (Doc. 39) at 5, 6.

The undersigned is persuaded by these arguments and concludes that SMCC is properly joined as a party defendant under these circumstances.

### C. Potential Expansion of the Stay

#### 1. Section 362(a)(1)

The automatic stay imposed by 11 U.S.C. § 362(a)(1) applies to proceedings against the debtor only and not to actions against non-debtor third parties or co-defendants of the debtor. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126–27 (4th Cir.1983).

An exception may be made, however, in "unusual circumstances," such as "when the interests of a non-debtor party are so 'intimately intertwined' with those of a debtor that the debtor is the real party in interest." Aerologistics Inv. Partners, LLC v. Cessna Aircraft Co., No. 5:10-CV-92, 2011 WL 3444149, at *2 (W.D.N.C. Aug. 8, 2011)(citing In re Midway Airlines Corp., 283 B.R. 846, 851–52 (E.D.N.C.2002). "Claims against a non-debtor are so intimately intertwined when there is a suit against a non-debtor who is entitled to absolute indemnity from the debtor for any judgment entered. Put another way, the non-debtor defendant must have such an identity with the debtor that suing the non-debtor is the functional equivalent of suing the debtor." Id. (citing A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986)).

In this case, Nationwide contends that the stay should not be extended to SMCC. Nationwide argues that allowing this matter to proceed as between SMCC and Nationwide will not prejudice any party and, to the contrary, would

be beneficial, including to the Association as a judgment in this action will clarify the Association's obligations regarding payment of the Judgment. (Doc. 38) at 7-10.

SMCC states that allowing the case to proceed without the Association seems logical at first blush; complete relief can be granted to SMCC and if SMCC is successful, such a result would be consistent with the relief also sought by the Association. However, SMCC also acknowledges that the Association has a legitimate interest in defending Nationwide's claims and that this interest could be the basis for expanding the stay. Ultimately, SMCC states that the current situation "arguably justifies an extension of the stay to SMCC … even though SMCC would rather proceed to a determination of coverage under the Policy." (Doc. 39) at 7-10.

Some considerations, including the Association's interest in the outcome of the case, favor extending the stay to SMCC. Other considerations cut in favor of allowing this matter to proceed; for example, the Association and SMCC appear to be aligned in interest, specifically in their position that the Policy affords coverage for the Association in relation to the Judgment and, given the apparent settlement that the Association and SMCC have now reached regarding the Judgment (as discussed below), expeditious completion of the coverage dispute would be beneficial.

On balance, however, the undersigned does not find that this situation presents the "unusual circumstances" necessary to justify expanding the automatic stay imposed by Section 362(a)(1). The interests of SMCC are not "so intimately intertwined with those of [the Association] that [the Association] is the real party in interest." Aerologistics Inv. Partners, LLC v. Cessna Aircraft Co., No. 5:10-CV-92, 2011 WL 3444149, at *2 (W.D.N.C. Aug. 8, 2011) (internal quotations omitted). While a coverage determination in favor of Nationwide would impact both SMCC and the Association, the effects of that decision would not be the same. The Association would remain obligated to pay the Judgment to SMCC (subject to its settlement agreement as discussed below) but without the benefit of the Policy proceeds. SMCC, on the other hand, would remain entitled to be paid pursuant to the Judgment (subject to the settlement agreement) but would be required to seek payment from the Association without the benefit of the Policy proceeds.

2. Section 362(a)(3)

However, as the Fourth Circuit has noted, Section 362(a)(1), "is not the only part of section 362 providing for an automatic stay of proceedings. Subsection (a)(3) directs stays of any action, *whether against the debtor or third-parties,* to obtain possession or to exercise control over property of the debtor. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1001 (4th Cir. 1986) (emphasis in original). "[I]nsurance contracts have been said to be embraced

8

in this statutory definition of 'property.'" A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1001–02 (4th Cir. 1986)(citations omitted); see also In re Titan Energy, Inc., 837 F.2d 325, 328–29 (8th Cir. 1988) ("The First, Fourth and Fifth Circuits have characterized a debtor's insurance policy as property of a debtor's estate as well.").

The issue of whether Nationwide's declaratory judgment action against SMCC is subject to stay pursuant to Section 362 (a)(3) has not been examined fully.[1] For example, there has not been argument as to whether Section 362(a)(3) applies in this context, see e.g., Travelers Prop. Cas. Co. of Am. v. AF Evans Co., No. C10-1110-JCC, 2010 WL 11463180, at *1–2 (W.D. Wash. Nov. 15, 2010) ("Section 362(a) was broadly drafted, and Travelers offers no precedent or justification for creating an exception for declaratory actions."), or, more practically, if it does apply, whether the stay has been lifted by the Bankruptcy Court. Cf. Order Granting Debtor's Motion for Relief from Automatic Stay to Prosecute Debtor's State Court Appeal (Bankruptcy Doc. 68) with Order in Aid of Consummation of Plan or Reorganization (Bankruptcy Doc. 290) (reinstating stay with respect to appeal of Judgment).

---

[1] Both parties have made some reference to this issue or the portion of A.H. Robins Co. v. Piccinin where it is cited, see (Doc. 38) at 8 and (Doc. 39) at 8-9, but neither side has addressed it in detail. In fairness though, the focus has been primarily on a potential expansion of the stay under Section 362(a)(1).

9

Also of note is the fact that matters pertaining to the Policy have been addressed in recent proceedings before the Bankruptcy Court. For example, on December 17, 2019, an Amended Plan of Reorganization of Smoky Mountain Country Club Property Owners' Association, Inc. and Creditor SMCC Clubhouse, LLC ("Amended Plan") was filed. (Bankruptcy Doc. 253). Among other things, the Amended Plan states that certain causes of action, including claims against Nationwide related to the matters pending before this Court, are preserved. (Amended Plan) at 15. The Amended Plan also indicates that SMCC and the Association have agreed to resolve the disputes between them regarding the Judgment on certain terms, including the payment of $1,500,000 by the Association over the course of approximately two years. Id. at 19-21. The Bankruptcy Court confirmed the Amended Plan on December 19, 2019 and concluded in part that the settlement between the Association and SMCC of the litigation and disputes over the Judgment was fair and reasonable. (Bankruptcy Doc. 260) at 10.

In light of the Fourth Circuit authority discussed above, as well as the Bankruptcy Court's oversight and management of matters relating to the Policy and the apparent settlement agreement between the Association and SMCC relative to the Judgment, the undersigned finds that the parties should be given an opportunity to provide additional information on these issues.

Accordingly, Nationwide and SMCC are **DIRECTED** to file, on or before **February 19, 2020**, memoranda of no more than five pages each advising as to whether the instant litigation should be considered as being subject to the automatic stay provision of Section 362(a)(3).

As this matter remains stayed as to the Association, that party is not expected to file any response to this Order. However, the Clerk is respectfully **DIRECTED** to send a copy of this Order to the Association.

It is so ordered.

Signed: February 6, 2020

W. Carleton Metcalf
United States Magistrate Judge