IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 237

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SMOKY MOUNTAIN COUNTRY CLUB PROPERTY OWNERS ASSOCIATION, INC., and SMCC CLUBHOUSE, LLC, a North Carolina Limited Liability Company, <br><br> Defendants. | ORDER |

This matter is before the Court regarding the possible stay of the claims between Plaintiff Nationwide Mutual Fire Insurance Company ("Nationwide") and Defendant SMCC Clubhouse, LLC ("SMCC").

The parties have addressed this issue at various times, most recently in response to the Court's Order of February 6, 2020.[1] (Docs. 43, 45 & 47). In the Order, the undersigned determined that the stay imposed by the provisions of 11 U.S.C. § 362(a)(1) should not be expanded to include SMCC but directed Nationwide and SMCC to address the questions of whether the instant

---

[1] A recitation of the procedural history relevant to these issues is set forth in that Order.

litigation is subject to the automatic stay provision of 11 U.S.C. § 362(a)(3) and, if so, whether the stay has been lifted by the Bankruptcy Court.

Nationwide states that "the particular issue whether proceeds of a liability policy are part of a bankruptcy estate has produced varying case law with convoluted results." (Doc. 45) at 1. Nationwide nonetheless argues that, the automatic stay provision of Subsection (a)(3) is not applicable to this case. In particular, Nationwide contends that the question is not whether the Policy itself is part of the bankruptcy estate, but whether the *proceeds* of the Policy are so situated, with there being a distinction between legal title to a policy of insurance and equitable title to the proceeds of that policy. Nationwide appears to argue that the Association does not hold equitable title to the proceeds of the Policy at issue and therefore that the proceeds should not be considered a part of the bankruptcy estate.

In addition, Nationwide states that the Bankruptcy Court, either at the request of the Association or on its own motion, has not enjoined the current litigation. According to Nationwide, "this may indicate that neither the Association nor the Bankruptcy Court believe that the insurance proceeds are part of the estate." Id. at 5.

For its part, SMCC argues that while there are some circumstances in which insurance proceeds may not be part of a debtor's bankruptcy estate, Subsection (a)(3) is applicable to the instant proceeding and, therefore, that

the claims between Nationwide and SMCC are subject to the automatic stay. SMCC further states that the Bankruptcy Court has not granted Nationwide relief from this stay. (Doc. 47) at 5.

The Fourth Circuit has explained that Subsection (a)(3) "directs stays of any action, whether against the debtor or third-parties, to obtain possession or to exercise control over property of the debtor" and that "insurance contracts have been said to be embraced in this statutory definition of 'property.'" A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1001–02 (4th Cir. 1986)(citations omitted).

Nationwide's argument and authorities discussing the distinction between an insurance policy and its proceeds are noted. See e.g., In re Doug Baity Trucking, Inc., No. 04-13537, 2005 WL 1288018, at *2 (Bankr. M.D.N.C. Apr. 21, 2005) (court was "convinced that the proceeds of the Debtor's insurance policy [were] not property of the bankruptcy estate based on the fundamental distinctions between policies of liability as opposed to policies of first-party indemnification…."). In this case, SMCC is a judgment creditor of the Association, having obtained its judgment prior to the Association's declaration of bankruptcy.

Both parties mention the absence of specific action by the Bankruptcy Court addressing a potential stay of the Nationwide-SMCC claims; Nationwide states that the lack of specific action by the Association or the Bankruptcy

3

Court in this regard "may indicate" that neither believes the Policy proceeds are part of the estate, while SMCC appears to suggest conversely that the lack of affirmative action by the Bankruptcy Court to lift the stay means such a stay remains in place. However, neither Nationwide nor SMCC addresses in detail the import of the recent rulings, as referenced in this Court's February 6 Order, that the Bankruptcy Court *has* made that pertain to the Policy, including approving an Amended Plan of Reorganization which discussed a resolution of the disputes between SMCC and the Association.

In these circumstances, the undersigned finds that the most appropriate course of action is for the instant proceedings as between Nationwide and SMCC to be stayed pending either further action by the Bankruptcy Court, such as a finding that the proceeds of the Policy are not property of the estate or, in the alternative, that any stay imposed by Subsection (a)(3) should be lifted, or the conclusion of the Association's bankruptcy proceedings themselves. See Timberlands v. Yellow Poplar Lumber Co., No. 1:13CV00062, 2014 WL 1289776, at *3 (W.D. Va. Mar. 31, 2014) (citing Kraken Invs. Ltd. v. Jacobs (In re Salander–O'Reilly Galleries, LLC ), 475 B.R. 9, 29 (S.D.N.Y.2012)) ("a bankruptcy court has jurisdiction to determine what constitutes property of the estate"); In re Fundamental Long Term Care, Inc., 501 B.R. 770, 781 (Bankr. M.D. Fla. 2013) (in matters involving probate

estates, bankruptcy court was "best suited to determine whether property is, in fact, property of the estate").

**IT IS THEREFORE ORDERED THAT** the claims pending in this matter between Nationwide and SMCC are **STAYED** pending further Order of the Court, as described above.

The Clerk is respectfully **DIRECTED** to certify a copy of this Order to the Association.

Signed: February 27, 2020

W. Carleton Metcalf
United States Magistrate Judge